**Gloria Celeste LOVING, Appellant,**

v.

**CITY OF HOUSTON, Appellee.**

No. 14–07–00621–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 8, 2009.

Rehearing Overruled April 9, 2009.

Steven Lieberman, Houston, for appellant.

Judith Benton, Houston, for appellee.

Panel consists of Justices ANDERSON, FROST, and Senior Justice HUDSON.*

## MAJORITY OPINION

JOHN S. ANDERSON, Justice.

Appellant Gloria Celeste Loving filed a suit for writ of mandamus against appellee City of Houston to compel disclosure of requested information under the Texas Public Information Act. Appellee filed a special exception, stating that a mandamus action was not proper under the Texas Government Code when the attorney general had issued a letter ruling excepting the information from disclosure. The trial court granted the special exception, but appellant did not amend her pleading on this issue. Appellee moved for summary judgment on two grounds: (1) the pleading is deficient; and (2) the information is confidential. Finding appellee met its summary-judgment burden on the second ground, we affirm the judgment of the trial court.

## I. Factual and Procedural Background

On January 26, 2005, appellant, through her attorney Steven Lieberman, submitted a request to the City of Houston for a copy of all incident/offense reports and witness statements in Incident No. 037634500, a case involving a person named Quient Wolford. The City legal department responded on February 16, denying the request. The City cited two prior informal letter rulings from the attorney general's office as support of its decision to withhold the information. According to the letter rulings, the information is confidential because it involves a juvenile at the time of the incident, and juvenile law-enforcement records relating to conduct that occurred on or after September 1, 1997, are confidential.

Lieberman then submitted a letter to the attorney general's office, requesting review of the City's decision to withhold the information. Lieberman explained that Quient Wolford was not a juvenile at

* Senior Justice J. Harvey Hudson sitting by assignment.

the time of the incident for which Lieberman was requesting information, and that Michael Torres was certified to stand trial as an adult. The letter argued that, if there was a concern, the City could easily redact references to Torres in the information requested. The attorney general's office responded that it could not resolve disputes of fact in the open-records process, and, therefore, must rely on the representations of the City when it requested a ruling. The letter concluded that the City could withhold the information in reliance on the two prior rulings by the attorney general's office.

On August 10, 2006, appellant filed an original petition for writ of mandamus, requesting the trial court order the City to produce the requested information. Appellee responded with special exceptions, stating that (1) Harold Hurtt, Chief of Police, was not a proper party, and (2) Texas Government Code section 552.321(a) did not authorize a suit for writ of mandamus for public-information requests in which the attorney general's office had issued a letter ruling excepting the information from public disclosure. The trial court granted the special exceptions. Appellant filed an amended petition and notice of non-suit without prejudice as to her claim against Harold Hurtt, but did not amend the petition in response to the second special exception. Appellee filed a traditional motion for summary judgment, stating (1) appellant failed to amend her petition after the court granted appellee's special exception and (2) Texas Government Code section 552.101 prevented the requested information from being disclosed. The trial court granted appellee's motion for summary judgment without specifying the grounds.

## II. Discussion

In three issues on appeal, appellant challenges the trial court's granting of a special exception and the final summary judgment. Specifically, she contends the trial court erred by granting (1) a special exception on the ground that the Texas Government Code does not authorize a mandamus action in this case; (2) summary judgment when appellant did not amend her petition; and (3) summary judgment when appellee failed to meet its summary-judgment burden. We will address the third issue first because it is dispositive in this case.

### Did appellee satisfy its summary-judgment burden?

Appellant contends the trial court erred in granting summary judgment because appellee failed to meet its summary-judgment burden. Specifically, appellant asserts that appellee has not shown, through its correspondence with appellant's attorney and the attorney general's office, that the information in question is confidential.

We review the district court's summary judgment de novo. Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex.2005). The movant for a traditional summary judgment has the burden to show there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex.1985). In determining whether there is a genuine fact issue precluding summary judgment, evidence favorable to the nonmovant is taken as true and the reviewing court makes all reasonable inferences and resolves all doubts in the nonmovant's favor. Id. at 548–49. When the trial court's order granting summary judgment does not specify the grounds relied upon, we must affirm if any of the theories advanced are meritorious. See Texas Workers' Comp. Comm'n v. Patient Advocates of Tex., 136 S.W.3d 643, 648 (Tex.2004).

### Texas Public Information Act

 "[I]t is the policy of this state that each person is entitled, unless otherwise expressly provided by law, at all times to complete information about the affairs of government and the official acts of public officials and employees." TEX. GOV'T CODE ANN. § 552.001(a) (Vernon 2004). The Texas Public Information Act excepts from disclosure certain categories of information. *See* Tex. Gov't Code Ann. § 552.101–552.148 (Vernon 2004 & Supp. 2008). Section 552.101 of the Act excepts from disclosure information that is confidential by law, either constitutional, statutory, or by judicial decision. *Id.* § 552.101. The Act is to be liberally construed in favor of disclosing requested information, while exceptions to disclosure are interpreted narrowly. *Id.* § 552.001(b); *Jackson v. Texas Dep't of Pub. Safety*, 243 S.W.3d 754, 757 (Tex.App.-Corpus Christi 2007, pet. denied). A governmental body seeking to withhold information under the Act must establish that the requested information is not subject to the Act or falls within one of the Act's enumerated exceptions to disclosure. *Abbott v. North East Indep. Sch. Dist.*, 212 S.W.3d 364, 367 (Tex.App.-Austin 2006, no pet.). Whether information is subject to the Act and whether an exception to disclosure applies are questions of law. *A & T Consultants v. Sharp*, 904 S.W.2d 668, 674 (Tex.1995).

 Here, appellee contends the requested information is excepted from disclosure because the information involves a juvenile law-enforcement record, which is confidential under Family Code section 58.007(c). That provision of the Family Code provides:

> Except as provided by Subsection (d), law enforcement records and files concerning a child and information stored, by electronic means or otherwise, concerning the child from which a record or file could be generated may not be disclosed to the public and shall be:
>
> (1) if maintained on paper or microfilm kept separate from adult files and records;
>
> (2) if maintained electronically in the same computer system as records or files relating to adults, be accessible under controls that are separate and distinct from controls to access electronic data concerning adults; and
>
> (3) maintained on a local basis only and not sent to a central state or federal depository, except as provided by Subchapters B, D, and E.

Tex. Fam.Code Ann. § 58.007(c) (Vernon 2002 & Pamph.2008). Appellee presented as summary-judgment evidence the correspondence between the parties and the attorney general's office.

Appellant contends Family Code section 58.007(c) only applies to law-enforcement records and files "concerning a child" and she is seeking the law-enforcement records and files for an adult, Quient Wolford. *See id.* However, appellant states in her First Amended Petition for Writ of Mandamus that she is seeking one incident report that concerns an investigation resulting in the arrest and prosecution of Wolford and Torres, a juvenile, among others. A "child" is defined in the Family Code as "a person who is: (A) ten years of age or older and under 17 years of age; or (B) seventeen years of age or older and under 18 years of age who is alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before becoming 17 years of age." TEX. FAM.CODE ANN. § 51.02(2) (Vernon 2002). Although we have not seen the incident report in question, the parties do not dispute the fact that Torres met this definition at the time of the incident. Because Torres was a "child," the requested information involves

the law-enforcement records and files concerning a child and it may not be disclosed. *See id.* § 58.007(c).

 Appellant argues that Torres was certified and tried as an adult and, therefore, Family Code section 58.007(c) is inapplicable. The parties do not dispute the fact that Torres was certified and tried as an adult.[1] Family Code section 51.14, the predecessor to section 58.007, expressly provided an exception to confidentiality for such a situation:

Except as provided by Article 15.27, Code of Criminal Procedure, and except for files and records relating to a charge for which a child is transferred under Section 54.02 of this code to a criminal court for prosecution, the law-enforcement files and records are not open to public inspection nor may their contents be disclosed to the public[.]

Act of 1993, 73rd Leg., R.S., ch. 461, § 3, 1993 Tex. Gen. Laws 1850, 1852 *repealed by* Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 100(a), 1995 Tex. Gen. Laws 2517, 2590. Family Code section 58.007, added by the 74th Legislature in 1995, the same year Family Code section 51.14 was repealed, does not include any such language. Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 53, 1995 Tex. Gen. Laws 2517, 2552. When the legislature amends a statute and excludes certain language of the former statute in its new version, we are to presume the language was excluded for a reason and the excluded language is no longer the law. *See Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex.1985) ("Every word excluded from a statute must be presumed to have been excluded for a reason."); *State v. Eversole,* 889 S.W.2d

418, 425 (Tex.App.-Houston [14th Dist.] 1994, pet. ref'd) (holding perjury language in repealed section of Texas Election Code was not in new version and, therefore, legislature did not intend such a penalty). Therefore, because 58.007 does not contain language allowing the disclosure of law-enforcement records where a juvenile has been certified and tried as an adult, the requested information is excepted from disclosure.

 Appellant suggests that Family Code section 58.007(d) applies in this case. Subsection (d) is an exception to the confidentiality and maintenance requirements in section 58.007(c). *See* Tex. Fam.Code Ann. § 58.007(c) (Vernon 2002 & Pamph. 2008). Section 58.007(d) states:

The law enforcement files and records of a person who is transferred from the Texas Youth Commission to the institutional division or the pardons and paroles division of the Texas Department of Criminal Justice may be transferred to a central state or federal depository for adult records on or after the date of transfer.

Tex. Fam.Code Ann. § 58.007(d) (Vernon 2002). Appellant has put forth no evidence that Torres was transferred from the Texas Youth Commission to the specified divisions of the Texas Department of Criminal Justice, nor has she shown his law-enforcement files and records were transferred to a central state or federal depository for adult records. Without such a showing, Family Code section 58.007(d) does not apply.

 Finally, appellant contends that separate files should have been maintained for Wolford and for Torres, citing Family

---

1. Loving notes that when her attorney raised the issue of Torres being certified and tried as an adult in his letter to the attorney general's office, the office responded that it could not resolve disputes of fact in the open-records process and must rely on the City's representations. However, no factual dispute exists as to whether Torres was certified and tried as an adult; the parties agree that he was.

Code section 58.007(c). According to section 58.007(c), law-enforcement records and files concerning a child must be kept separate from adult files and records. *Id.* § 58.007(c)(1)-(2). While it may be true that two separate files should have been maintained, one for Wolford and one for Torres, the fact is appellant seeks one document—Houston Police Department Incident Report Number 037634500—and, according to the parties, that report contains information concerning Torres, a "child" at the time of the incident. As such, the report is a law-enforcement record concerning a child and may not be disclosed to the public. *See id.* § 58.007(c). Appellant suggests the information about Torres could be redacted; however, she offers no authority for doing so.

We conclude summary judgment was proper on the ground that the information is confidential by law under Family Code section 58.007(c). We, therefore, overrule appellant's third issue.

 In her first two issues, appellant contends the trial court erred when it granted (1) a special exception on the ground that Texas Government Code section 552.321(a) did not authorize a suit for writ of mandamus and (2) summary judgment on the ground that appellant did not amend her pleadings after the special exception. The parties disagree over whether Texas Government Code section 552.321 gives appellant the right to file a suit for mandamus against appellee when the attorney general has determined the requested information is not subject to disclosure. A suit for mandamus may be filed to compel a governmental body to make information available for public inspection under certain circumstances. *See* Tex. Gov't Code Ann. § 552.321 (Vernon

2004). We have held the information is confidential under Family Code section 58.007. Therefore, appellee has no duty to provide the requested information, even if appellant had a right to file a suit for mandamus in this circumstance. *See Blankenship v. Brazos Higher Educ. Auth., Inc.,* 975 S.W.2d 353, 362 (Tex.App.-Waco 1998, pet. denied) (holding summary judgment proper when entity was not "governmental body" and, therefore, no error in denying writ of mandamus because custodian of records had no duty to provide requested information). Moreover, we need not address appellant's second issue because summary judgment can be affirmed on the ground discussed above. *See Provident Life and Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 223 (Tex.2003); Tex.R.App. P. 47.1.

### Conclusion

Having concluded that appellee met its burden for summary judgment, we affirm the judgment of the trial court.

KEM THOMPSON FROST, Justice, dissenting.

This court should reverse and remand this case because appellee, the City of Houston has not demonstrated that it met the burden of proof required to show that the requested information, an incident report, is excepted from disclosure under section 552.101 of the Texas Government Code.

Under the Texas Public Information Act, confidential information may be excepted from disclosure by law or by judicial decision.[1] A governmental body, such as the City, seeking to withhold information under the Act must establish that the

---

1. *See* Tex. Gov't Code Ann. § 552.101 (Vernon 2004 & Supp.2008).

requested information is not subject to the Act or is excepted from disclosure.[2]

The City has asserted that the incident report in question "concern[s] a child," and is excepted from disclosure under section 58.007(c) of the Texas Family Code. However, the City did not furnish the incident report as summary judgment evidence to demonstrate that the report "concern[ed] a child," under section 58.007(c) of the Texas Family Code. Rather, in support of its motion for summary judgment, the City attached two opinion rulings from the Attorney General's office and correspondence between the parties and the Attorney General's office. In the two opinion rulings, the Attorney General advised the City that the requested information warranted confidentiality under Family Code section 58.007(c) based on assertions made by the City that such information involved a juvenile. The Attorney General advised the City to withhold the information sought, as required by section 552.101 of the Texas Government Code. In one letter, in response to appellant Gloria Celeste Loving's assertions that the requested information involved both a non-juvenile and a juvenile co-actor who was certified as an adult, the Attorney General replied, "[T]his office cannot resolve disputes of fact in the open records process, and therefore, we must rely on the representations of the governmental body requesting our opinion, as we did in the two prior rulings."

The appellate record does not contain the requested incident report at issue. This court, as a reviewing court, cannot determine if the requested information concerns a child, as contemplated by section 58.007(c) of the Family Code, without the ability to review the requested incident report. Therefore, this court should not reach the merits of whether the information in dispute falls within the confidentiality exception to the Texas Public Information Act.

The majority acknowledges that it has not reviewed the incident report in question.[3] The majority observes that the parties do not dispute that the requested incident report concerns an investigation pertaining to a juvenile, Torres, who, at the time of the investigation, met the definition of a "child" as defined by section 51.02(2) of the Family Code.[4] The parties also do not dispute that Torres was certified and tried as an adult. Therefore, as a matter of law, a question remains as to whether the records of a juvenile, who has been certified and tried as an adult, concern a child and are to be withheld and excepted from disclosure.[5]

The majority examines the legislative history of former Family Code section 51.14(d), the predecessor of current Family Code section 58.007, which provided in relevant part, "[E]xcept for files and records relating to a charge for which a child

2. *Abbott v. N.E. Indep. Sch. Dist.*, 212 S.W.3d 364, 367 (Tex.App.-Austin 2006, no pet.) (noting that burden falls on governmental body seeking to withhold information to prove that the information is not subject to the Texas Public Information Act or is excepted from disclosure).

3. *See ante* at p. 559.

4. *See* Tex. Fam.Code Ann. § 51.02(2) (Vernon Supp.2008) (defining a "child" as "a person who is (A) ten years of age or older and under

17 years of age; or (B) seventeen years of age or older and under 18 years of age who is alleged to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before becoming 17 years of age").

5. *See A & T Consultants v. Sharp*, 904 S.W.2d 668, 674 (Tex.1995) (concluding that a determination of whether information is subject to the Texas Public Information Act and whether an exception to disclosure applies are questions of law).

is transferred under section 54.02 of this code to a criminal court for prosecution, the law-enforcement files and records are not open to public inspection nor may their contents be disclosed to the public...." [6] The majority concludes that because section 51.14 was repealed by the legislature in section 58.007, then the section 51.14 language, which arguably would have excepted the incident report in this case, was excluded for a reason and is no longer applicable law.[7] However, this court's analysis is incomplete as applied to the facts of this case.

Under Texas Government Code section 552.101, information may be excepted from disclosure by law or by judicial decision.[8] Because Family Code section 51.14 was repealed by section 58.007, and is no longer applicable law, unless there is a statute excepting disclosure of the incident report at issue, this report may be excepted from disclosure only by judicial decision.[9] The trial court has authority to determine whether the requested information pertained to a juvenile, under Family Code section 58.007, and, therefore, was subject to withholding or disclosure under Government Code section 552.101.[10] In this case, no judicial decision exists as to whether records of a juvenile who was certified and tried as an adult are subject to disclosure.

Because the City did not proffer the incident report, the City did not meet the burden of proving that the incident report is excepted from disclosure by application of Family Code section 58.007(c).[11] The City did not provide the requested incident report as summary judgment evidence, even for in-camera review. Therefore, the trial court was in no position to determine whether the information "concern[ed] a child" under the Family Code.[12] Because the summary judgment evidence did not prove as a matter of law that the incident report is excepted from disclosure under section 58.007 of the Texas Family Code, the trial court erred in granting summary judgment. Likewise, on the record before us, this court's review is improper without the opportunity to examine the incident report. Under the procedural regime proposed in the majority's analysis, the Attorney General's office may determine whether documents are excepted from disclosure under the Texas Public Information Act, without any judicial review and without reviewing the documents in question. This regime violates section 552.101 of the Government Code, providing exceptions to disclosure only by law or judicial decision.

For the foregoing reasons, this court should not reach the merits of whether the incident report fits within the confidentiality exception. Given that the summary judgment evidence does not prove as a matter of law that the incident report is excepted from disclosure, this court should

---

6. *See* Act of June 9, 1993, 73rd Leg., R.S., ch. 461, § 2, sec. 3, 1993 Tex. Gen. Laws 1850, 1852, *repealed by* Act of June 1, 1995, 74th Leg., R.S., ch. 262, § 98, sec. 100(a), 1995 Tex. Gen. Laws 2517, 2590 (codified at TEX. FAM.CODE ANN. § 58.007).

7. *See ante* at p. 560.

8. *See* TEX. GOV'T CODE ANN. § 552.101.

9. *See id.*

10. *See Tex. Dep't of Pub. Safety v. Gilbreath*, 842 S.W.2d 408, 411 (Tex.App.-Austin 1992, no pet.) (providing that the trial court shall determine whether the information sought is public information subject to disclosure); *see also* TEX. GOV'T CODE ANN. § 552.321(a) (Vernon 2004).

11. *See Abbott*, 212 S.W.3d at 367.

12. *See id.*

reverse and remand. Because the court does not do so, I respectfully dissent.