# COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

| | | |
|---|---|---|
| ALLEN MARTIN, | ) | No. 31178-3-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING |
| | ) | MOTION TO PUBLISH |
| RIVERSIDE SCHOOL DISTRICT NO. 416, | ) | |
| | ) | |
| Respondent. | ) | |

The court has considered Riverside School District's motion to publish the court's opinion of January 30, 2014; Cowles Publishing Company's joinder in the motion to publish; and Allen Martin's response. The court is of the opinion the motion to publish should be granted. Therefore,

IT IS ORDERED the motion to publish is granted. The opinion filed by the court on January 30, 2014, shall be modified on page 1 to designate it is a published opinion and on page 8 by deletion of the following language:

> A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

DATED:    March 18, 2014

PANEL:    Judges Kulik, Brown, and Fearing

FOR THE COURT:

KEVIN M. KORSMO
CHIEF JUDGE

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| ALLEN MARTIN, | ) | No. 31178-3-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RIVERSIDE SCHOOL | ) | |
| DISTRICT NO. 416, | ) | |
| | ) | |
| Respondent. | ) | |

KULIK, J. — A reporter from The Spokesman-Review submitted a public records

request to Riverside School District for information regarding former teacher Allen

Martin, including records pertaining to Mr. Martin's termination. Mr. Martin sought to

enjoin the District from disclosing the requested records. The trial court found that the

records did not fall under any of the claimed exemptions to the Public Records Act

(PRA)[1] and ordered release. Mr. Martin appeals. He contends that disclosure of the

records would violate his right to privacy, and that disclosure is barred under the

employee personal information exemption and the investigative records exemption of the

PRA. We disagree and, therefore, affirm the trial court's order disclosing the records.

_____

[1] Chapter 42.56 RCW.

FACTS

Mr. Martin is a teacher who taught in Riverside School District. In the fall of 2011, the District placed Mr. Martin on administrative leave pending an investigation into allegations of misconduct. Mr. Martin and a consenting adult, who was a former student, engaged in sexual conduct in Mr. Martin's classroom.[2] As a result of the conduct, the District served Mr. Martin with a notice of probable cause for discharge, RCW 28A.405.300, and a notice of probable cause for nonrenewal, RCW 28A.405.210.

In April 2012, Jody Lawrence-Turner, a reporter for The Spokesman-Review, submitted to the District a request for public records. The PRA request asked for "any information regarding teacher/coach Allen Martin including emails containing his first or last name, or both, within the last six months, administrative leave notification or letter, documentation regarding cause for termination, available investigative information about his actions, any memos containing his first or last name, or both and any termination documents." Clerk's Papers (CP) at 50.

The District informed Mr. Martin about the request and stated that it would disclose the requested records unless Mr. Martin sought to enjoin the disclosure.

---

[2] While the requested records in this case are sealed, this information has been disclosed to the public.

No. 31178-3-III
*Martin v. Riverside Sch. Dist.*

Accordingly, Mr. Martin filed a lawsuit to prevent disclosure. The Cowles Publishing Company, which owns The Spokesman-Review, joined as a defendant.

The trial court ordered disclosure of the requested records. The court found that the exceptions cited by Mr. Martin did not apply. Mr. Martin appeals the trial court's decision. During pendency of this appeal, an arbitrator upheld the District's decision to terminate Mr. Martin.

## ANALYSIS

This court reviews decisions under the PRA de novo. RCW 42.56.550(3).

The PRA "is a strongly worded mandate for broad disclosure of public records." *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 127, 580 P.2d 246 (1978). The purpose of the PRA is to provide full access to nonexempt public records. *Am. Civil Liberties Union v. Blaine Sch. Dist. No. 503*, 86 Wn. App. 688, 695, 937 P.2d 1176 (1997).

A party seeking to enjoin production of documents under the PRA bears the burden of proving that an exemption to the statute prohibits production in whole or part. *Spokane Police Guild v. Liquor Control Bd.*, 112 Wn.2d 30, 35, 769 P.2d 283 (1989). The PRA exemptions "protect certain information or records from disclosure" and "are provided solely to protect relevant privacy rights . . . that sometimes outweigh the PRA's broad policy in favor of disclosing public records." *Resident Action Council v. Seattle*

3

No. 31178-3-III
*Martin v. Riverside Sch. Dist.*

*Hous. Auth.*, 177 Wn.2d 417, 432, 300 P.3d 376 (2013). However, exemptions under the PRA are to be narrowly construed to assure that the public interest will be protected. RCW 42.56.030.

RCW 42.56.230(3) exempts disclosure of "[p]ersonal information in files maintained for employees . . . of any public agency to the extent that disclosure would violate their right to privacy."

RCW 42.56.240(1) exempts from public inspection and copying specific investigative records compiled by investigative agencies, the nondisclosure of which is essential to the protection of any person's right to privacy.

Mr. Martin contends that the records are exempt from disclosure pursuant to the personal information exemption, RCW 42.56.230(3), and the investigative records exemption in RCW 42.56.240(1), in the PRA. In both of these exemptions, Mr. Martin must establish that he has a right to privacy in the records and that disclosure of the records would violate his right to privacy.

Generally, the right to privacy applies "only to the intimate details of one's personal and private life." *Spokane Police Guild*, 112 Wn.2d at 38. Under the PRA, a person's right to privacy "is invaded or violated only if disclosure of information about the person: (1) Would be highly offensive to a reasonable person, and (2) is not of

4

legitimate concern to the public." RCW 42.56.050. It is not enough that the disclosure of personal information may cause embarrassment to the public official or others. RCW 42.56.550(3). Even if the disclosure of the information would be offensive to the employee, it shall be disclosed if there is a legitimate or reasonable public interest in the disclosure. *Tiberino v. Spokane County*, 103 Wn. App. 680, 689, 13 P.3d 1104 (2000).

"[W]hen a complaint regarding misconduct during the course of public employment is substantiated or results in some sort of discipline, an employee does not have a right to privacy in the complaint." *Bellevue John Does 1-11 v. Bellevue Sch. Dist. No. 405*, 164 Wn.2d 199, 215, 189 P.3d 139 (2008). However, teachers have a right to privacy in their identities when the complaint involves unsubstantiated or false allegations because these allegations concern matters involving the private lives of teachers and are not specific instances of misconduct during the course of employment. *Id.*

Mr. Martin contends he has a right to privacy in his identity and the personal information in the records because the information concerned his private life and was not specific incidents of misconduct during the course of employment. He maintains that his relationship with a consenting adult is a matter concerning his private life, and that it did not happen within the course of performing his public duties. He also contends that his

conduct cannot be considered sexual misconduct as defined by WAC 181-88-060 because the conduct did not occur with a present student. His contentions fail.

We conclude that Mr. Martin does not have a right to privacy in the records because the records contain substantiated allegations of misconduct that occurred during the course of employment. *See Bellevue John Does*, 164 Wn.2d at 215. His sexual encounter can be considered misconduct even though it does not fit the definition of sexual misconduct in WAC 181-88-060. Mr. Martin had a sexual encounter on school grounds, with a former student, during a holiday in the school year. The District considered this conduct an inappropriate use of a school facility and a complete disregard for the school environment. Mr. Martin's actions involved misconduct.

The allegations of misconduct were substantiated. Mr. Martin admitted to his conduct. The District completed an investigation into the allegations and found that sexual intercourse occurred on school property with a former student and terminated Mr. Martin. The District did not need to wait until the arbitrator completed review of the decision before disclosing the record. The allegations were substantiated after the District's investigation and disciplinary action. Mr. Martin does not have a right to privacy in the records pertaining to the District's investigation and his termination resulting from the misconduct.

Furthermore, disclosure of Mr. Martin's identity and the requested records would not violate Mr. Martin's right to privacy. Mr. Martin fails to establish both prongs of RCW 42.56.050. Admittedly, the first prong is satisfied. "[D]isclosure of the identity of a teacher accused of sexual misconduct is highly offensive to a reasonable person." *Bellevue John Does*, 164 Wn.2d at 216. However, he fails to satisfy the second prong of the right to privacy test. The public has a legitimate interest in the disclosure of Mr. Martin's identity and the requested records. The identity of a public school teacher and the substantiated allegations regarding the teacher's misconduct that occurred on school grounds is of legitimate interest to the public. Also of legitimate public interest is the District's investigation and handling of the matter. As mentioned in *Bellevue John Does*, even when the allegations of misconduct are unsubstantiated, "the public may have a legitimate concern in the nature of the allegation and the response of the school system to the allegation." *Id.* at 217 n.19. Disclosure of Mr. Martin's identity and the requested records would not violate Mr. Martin's right to privacy.

As previously stated, both the employee personal information exemption in RCW 42.56.230(3) and the investigative records exemption in RCW 42.56.240(1) hinge on whether Mr. Martin's right to privacy would be violated. Because we conclude that Mr. Martin does not have a right to privacy in his identity and the requested records,

No. 31178-3-III
*Martin v. Riverside Sch. Dist.*

examination into the other requirements of these exemptions is not needed. Disclosure of Mr. Martin's identity and the requested records is not exempt under RCW 42.56.230(3) or RCW 42.56.240(1).

Mr. Martin contends redaction of his identity would not protect his right to privacy. This argument is moot based on our conclusion that Mr. Martin does not have a right to privacy in the documents and the documents are not exempt from disclosure.

Mr. Martin also contends that if this court orders disclosure, this court should also order the District to redact any private information that is listed in RCW 42.56.250. Mr. Martin did not request redaction of this information at trial.

We affirm the trial court's order releasing the records.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Kulik, J.

WE CONCUR:

Brown, J.

Fearing, J.

8