FILED
9/7/2021
Court of Appeals
Division I
State of Washington

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, and JOHN DOE 4, | ) ) ) | No. 81814-7-I |
| Appellants/Cross Respondents, | ) ) | |
| v. | ) ) | |
| KING COUNTY, | ) ) | UNPUBLISHED OPINION |
| Respondent, | ) ) | |
| THE SEATTLE TIMES, | ) ) | |
| Respondent/Cross Appellant. | ) | |

BOWMAN, J. — The Seattle Times made a Public Records Act (PRA), chapter 42.56 RCW, request for records related to the decision of the King County Prosecuting Attorney's Office (KCPAO) declining to file sexual assault charges against several high school football players. Four of the students involved in the investigation were juveniles at the time and petitioned to enjoin release of the records. The trial court allowed the juveniles to pursue their lawsuit using pseudonyms. The court denied the preliminary injunction and ordered release of the records, redacted to remove the identities of the juveniles. The juveniles, identified as John Does 1-4 (the Does), appeal the trial court's denial of injunctive relief. The Seattle Times cross appeals the trial court's decision to allow the use of pseudonyms. We affirm.

Citations and pin cites are based on the Westlaw online version of the cited material.

FACTS

In April 2018, a 16-year-old girl alleged that several high school football players sexually assaulted her. The Clyde Hill Police Department (CHPD) investigated the allegations, and referred nearly identical files for three juveniles and one adult to KCPAO for potential charges. KCPAO declined to file charges.

In January 2020, the Seattle Times made public disclosure requests to KCPAO and CHPD. It asked for "all written, electronic and digital records pertaining to the decision not to bring forth criminal charges in relation to a spring 2018 sexual assault case involving current and former members of the . . . High School Football team." The request included "any correspondence between [KCPAO] representatives and police and school officials pertaining to the matter," and asked for correspondence between KCPAO and the "parents/guardians or legal representatives/lawyers for players involved." The Seattle Times later clarified that it was not seeking information related to the juvenile referrals.

KCPAO compiled 2,177 pages of records responsive to the Seattle Times' request. The pages consist mainly of the CHPD investigative file for the adult suspect and external communications with police, school officials, and parents or legal representatives for the players "relating to the [KC]PAO's decision" against filing charges. KCPAO proposed several redactions to the records. It redacted identifying information of the victim, suspects, witnesses who requested to remain anonymous, and parties in an unrelated case. It also redacted social security numbers and KCPAO's work product from the records.

KCPAO notified the adult and juvenile suspects that it intended to release the records to the Seattle Times, and sent them the redacted records. The Does sued King County, the Seattle Times, CHPD, and the Palo Alto Daily Post,[1] seeking to prevent release of the records. Because they were juveniles, the Does used pseudonyms in place of their names in the pleadings. John Doe 1 was a juvenile witness, and John Does 2-4 were juvenile suspects. While the adult suspect was not a party to the Does' lawsuit, they identified him in the complaint as John Doe 5. The Does moved for and the court granted a temporary restraining order barring release of the records.

The Does then petitioned for a preliminary injunction and declaratory judgment that the records were categorically exempt from disclosure. The Does also moved for permission to continue using pseudonyms to protect their privacy. The trial court reviewed in camera both the unredacted records and the proposed redactions. The court concluded that the records were not "wholly exempt from disclosure." Specifically, that the records "for possible charges against an adult are not categorically exempt" under chapter 13.50 RCW, protecting juveniles' privacy; that the records are not categorically exempt under the Washington State Criminal Records Privacy Act, chapter 10.97 RCW; and that the records are not wholly exempt under the PRA because the public has a legitimate interest in the investigation. The court denied the preliminary injunction and approved the KCPAO's redactions for release of the records.

---

[1] CHPD also received a PRA request from the Palo Alto Daily Post.

The Does moved for discretionary review in this court. A few days later, the parties entered a stipulated order to dismiss defendants CHPD and Palo Alto Daily Post without prejudice. The Does' case then became appealable as a matter of right. We issued a temporary injunction preventing release of the records pending appeal.

More than two weeks after denying the petition for preliminary injunction, the trial court granted the Does' motion to proceed under pseudonym. The Seattle Times then moved for direct review of that decision by the Washington Supreme Court. The Supreme Court combined the matter with the Does' pending appeal and designated the Seattle Times as a cross appellant, but denied review and transferred the case to this court. The Washington Coalition for Open Government and the Washington Defender Association each requested and received permission to file amici curiae briefs with this court.[2]

ANALYSIS

PRA Exemptions

The Does argue that the trial court erred in concluding no PRA exemption applied to the release of John Doe 5's adult investigation records. According to the Does, the records should be categorically exempt from disclosure because they are nearly identical to their juvenile records protected under chapter 13.50

---

[2] Amicus the Washington Defender Association supports the Does' broad application of the chapter 13.50 RCW protection of juvenile records because "young people in King County may find the privacy protections promised by the Legislature eviscerated any time their information finds its way into an adult investigative file." In contrast, amicus the Washington Coalition for Open Government emphasizes the PRA's mandate for broad public disclosure of public records, and argues the adult records at issue in this case are not protected as juvenile records or investigative records that would violate the Does' right to privacy.

RCW. In the alternative, they argue that the file is exempt as an investigative record under RCW 42.56.240(1). We disagree.

"The PRA is a 'strongly worded mandate for broad disclosure of public records.' " Cornu-Labat v. Hosp. Dist. No. 2 Grant County, 177 Wn.2d 221, 229, 298 P.3d 741 (2013) (quoting Hearst Corp. v. Hoppe, 90 Wn.2d 123, 127, 580 P.2d 246 (1978)). The act compels state and local agencies to disclose public records responsive to requests unless a specific exemption applies. RCW 42.56.070(1); Cornu-Labat, 177 Wn.2d at 229. In keeping with its mandate, the PRA's disclosure provisions must be " 'liberally construed and its exemptions narrowly construed.' " Cornu-Labat, 177 Wn.2d at 229 (quoting RCW 42.56.030).

Under the PRA, a party may seek to enjoin release of public records if "examination would clearly not be in the public interest and would substantially and irreparably damage any person, or would substantially and irreparably damage vital governmental functions." RCW 42.56.540. But "[c]ourts shall take into account the policy of [the PRA] that free and open examination of public records is in the public interest, even though such examination may cause inconvenience or embarrassment to public officials or others." RCW 42.56.550(3).

In considering whether to enjoin disclosure of records, a trial court must conduct two separate inquiries. Lyft, Inc. v. City of Seattle, 190 Wn.2d 769, 789-90, 418 P.3d 102 (2018). First, the court must determine if the records at issue are exempt under a provision of the PRA. Lyft, 190 Wn.2d at 790. If a PRA

exemption applies, the court then looks to whether disclosure is against public interest and would cause substantial and irreparable damage. Lyft, 190 Wn.2d at 791 (citing RCW 42.56.540). The trial court must find both inquiries are satisfied before issuing an injunction. Lyft, 190 Wn.2d at 791. The party seeking an injunction has the burden of proof. Lyft, 190 Wn.2d at 791. We review de novo the issuance of an injunction under the PRA. RCW 42.56.550(3); Lyft, 190 Wn.2d at 791.

A. Juvenile Records

Despite the PRA's liberal construction in favor of release, its "mandate for broad disclosure is not absolute." Resident Action Council v. Seattle Hous. Auth., 177 Wn.2d 417, 432, 327 P.3d 600 (2013). The PRA establishes specific grounds that exempt a record from release. See, e.g., RCW 42.56.210-.480. One of these grounds, the "other statutes" exemption, "incorporates into the [PRA] other statutes which exempt or prohibit disclosure of specific information or records." Progressive Animal Welfare Soc'y v. Univ. of Wash., 125 Wn.2d 243, 261-62, 884 P.2d 592 (1994) (PAWS); RCW 42.56.070(1).

> [I]f another statute (1) does not conflict with the [PRA], and (2) either exempts or prohibits disclosure of specific public records in their entirety, then (3) the information may be withheld in its entirety notwithstanding the redaction requirement.

PAWS, 125 Wn.2d at 262. Whether a statute is an "other statute" under the PRA is a question of law we review de novo. Doe ex rel. Roe v. Wash. State Patrol, 185 Wn.2d 363, 371, 374 P.3d 63 (2016).

6

The Does argue that RCW 13.50.050 qualifies as an "other statute" exemption under the PRA prohibiting the release of juvenile records. We agree. RCW 13.50.050 protects "records relating to the commission of juvenile offenses," and provides that "[a]ll records other than the official juvenile court file are confidential and may be released only as provided in" chapter 13.50 RCW. RCW 13.50.050(1), (3). This protection extends to the "records of any other juvenile justice or care agency in the case." RCW 13.50.010(1)(d).

But citing Loving v. City of Houston, 282 S.W.3d 555 (Tex. App. 2009), the Does contend that chapter 13.50 RCW should also preclude release of John Doe 5's adult records because they "pertain to juvenile suspects," and disclosure would cause the juveniles to "forfeit confidentiality." In Loving, the Texas Court of Appeals upheld a trial court ruling that a single police report pertaining to both an adult and juvenile suspect was exempt from disclosure as a "law-enforcement record concerning a child." Loving, 282 S.W.3d at 561. The court determined that per statute, "two separate files should have been maintained," and rejected the appellant's argument that the file could be redacted because no authority to redact exists under Texas law. Loving, 282 S.W.3d at 561.

Here, the very safeguards of privacy that are missing in Loving protect the identities of the Does. CHPD created separate, though nearly identical, files for the juvenile and adult suspects. And in Washington, "an agency must redact [records] to overcome any and all relevant exemptions." Resident Action Council, 177 Wn.2d at 441. Consistent with Washington law, KCPAO redacted

7

John Doe 5's records to protect the identities of the juvenile suspects. Chapter 13.50 RCW does not preclude the release of John Doe 5's adult records.[3]

### B. Investigative Records

Investigative and law enforcement information is exempt from public disclosure if it is "essential to effective law enforcement or for the protection of any person's right to privacy." RCW 42.56.240(1). Here, the parties do not dispute that John Doe 5's CHPD file amounts to a law enforcement investigative record. But the Does argue that release of the records would violate their right to privacy because the sexual misconduct accusations against them are "unsubstantiated" and "highly offensive."

A person's right to privacy "is invaded or violated only if disclosure of information about the person . . . (1) [w]ould be highly offensive to a reasonable person, and (2) is not of legitimate concern to the public." RCW 42.56.050. Generally, this applies "only to the intimate details of one's personal and private life." Spokane Police Guild v. Wash. State Liquor Control Bd., 112 Wn.2d 30, 38, 769 P.2d 283 (1989). Embarrassment is not enough to prevent disclosure. RCW 42.56.550(3); West v. Port of Olympia, 183 Wn. App. 306, 313, 333 P.3d 488 (2014). Even if disclosure is offensive, records should be released "if there is a legitimate or reasonable public interest in the disclosure." Martin v. Riverside Sch. Dist. No. 416, 180 Wn. App. 28, 33, 329 P.3d 911 (2014).

---

[3] In the alternative, the Does challenge the sufficiency of KCPAO's redactions, arguing the trial court should adopt their proposed redactions. The Does have the burden to show that information is exempt and should be redacted. Does v. King County, 192 Wn. App. 10, 24, 366 P.3d 936 (2015). But they make no argument as to why KCPAO's redactions are inadequate, or why the Does' proposed redactions are necessary to protect their privacy interests. Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration. Samra v. Singh, 15 Wn. App. 2d 823, 836, 479 P.3d 713 (2020). We do not consider this claim.

8

Does 1-11 v. Bellevue School District, 164 Wn.2d 199, 189 P.3d 139 (2008), helps explain when, as here, the public disclosure of uncharged[4] accusations of sexual misconduct may violate the right to privacy. In that case, teachers accused of committing sexual misconduct against students sued to prevent release of their names in response to a public records request. Does 1-11, 164 Wn.2d at 205. The court determined that when allegations of misconduct are "unsubstantiated," disclosure of a teacher's identity violates their right to privacy, and enjoined release under the former public disclosure act.[5] Does 1-11, 164 Wn.2d at 206-07. The court noted, "It is undisputed that disclosure of the identity of a teacher accused of sexual misconduct is highly offensive to a reasonable person," and the public has no legitimate interest in finding out the names of falsely accused people. Does 1-11, 164 Wn.2d at 216-17. As a result, "[w]hen an allegation is unsubstantiated, the teacher's identity is not a matter of legitimate public concern." Does 1-11, 164 Wn.2d at 221.

Like the teachers in Does 1-11, the claims of sexual assault against John Does 2-4 are uncharged. Thus, the public has no legitimate interest in their identities.[6] But unlike the teachers in Does 1-11, the records here do not identify the Does by name. Instead, their identities are redacted. Release of the redacted records protects the Does' privacy, and also serves the legitimate public

---

[4] The Does and the cited Supreme Court cases use the term "unsubstantiated." Here, we use the term "uncharged" as the KCPAO determined available evidence did not meet its filing standards and declined to pursue charges. We consider the terms interchangeable for purposes of our legal analysis.

[5] The legislature recodified chapter 42.17 RCW as the PRA in 2005. LAWS OF 2005, ch. 274.

[6] As a witness who was never a suspect in the alleged assault, John Doe 1 has an even greater privacy interest.

concern of overseeing the police investigation of sexual assault allegations and the KCPAO's decision not to file charges. See Does 1-11, 164 Wn.2d at 221. As a result, John Doe 5's records are not exempt from disclosure under RCW 42.56.240(1).[7]

Pseudonyms

On cross appeal, the Seattle Times argues the trial court erred in granting the Does permission to pursue their case under pseudonym because the state constitution protects public access to party names.[8] We review a decision to allow parties to proceed under pseudonym for an abuse of discretion. Doe L. v. Pierce County, 7 Wn. App. 2d 157, 202, 433 P.3d 838 (2018).

Article I, section 10 of the Washington Constitution states, "Justice in all cases shall be administered openly." But "the public's right of access is not absolute, and may be limited to protect other interests." Seattle Times Co. v. Ishikawa, 97 Wn.2d 30, 36, 640 P.2d 716 (1982).

A trial court must justify redaction of names in pleadings under GR 15. Doe G. v. Dep't of Corr., 190 Wn.2d 185, 198, 410 P.3d 1156 (2018). GR

---

[7] The Does also argue the court erred in failing to grant declaratory relief. According to the Does, a favorable ruling under the declaratory judgment act, chapter 7.24 RCW, would have amounted to the " 'functional equivalent of an injunction,' " eliminating the need to seek relief under the PRA. (Quoting Florida ex rel. Bondi v. U.S. Dep't of Health & Human Servs., 780 F. Supp. 2d 1307, 1316 (N.D. Fla. 2011), aff'd in part, rev'd in part by Nat'l Fed'n of Indep. Bus. v. Sebelius, 567 U.S. 519, 132 S. Ct. 2566, 183 L. Ed. 2d 450 (2012).) But in rejecting the Does' petition for a preliminary injunction under the PRA, the court concluded that John Doe 5's records "are not categorically exempt under RCW 13.50.050" or the Washington State Criminal Records Privacy Act. The Does fail to explain why the court would have reached a different conclusion in the context of a declaratory judgment.

[8] The Seattle Times also argues that CR 10(a)(1), RAP 3.4, and King County Local Civil Rule (KCLCR) 10 "all reflect a policy that initials are necessary when names are concealed." But CR 10(a)(1) does not address initials at all, and RAP 3.4 requires the use of initials in only juvenile offender cases. And while KCLCR 10(a)(1)(B) states that a party "may file" a case using initials, the Seattle Times cites no authority that this permissive language prohibits the use of pseudonyms.

15(c)(2) authorizes the redaction of names when "justified by identified compelling privacy or safety concerns that outweigh the public interest in access to the court record."

Redaction of names in pleadings may also infringe on the presumption of open access to courts and court documents guaranteed under article I, section 10. An <u>Ishikawa</u> analysis is necessary when a redaction implicates article I, section 10 protections. <u>See</u> <u>State v. S.J.C.</u>, 183 Wn.2d 408, 412, 352 P.3d 749 (2015). Under <u>Ishikawa</u>, a court must satisfy a five-step analysis before sealing or redacting records. <u>See</u> <u>Doe G</u>, 190 Wn.2d at 198-99 (citing <u>Ishikawa</u>, 97 Wn.2d at 37-39). The court must

> 1) identify the need to seal court records, (2) allow anyone present in the courtroom an opportunity to object, (3) determine whether the requested method is the least restrictive means of protecting the interests threatened, (4) weigh the competing interests and consider alternative methods, and (5) issue an order no broader than necessary.

<u>Doe G</u>, 190 Wn.2d at 199.

<u>Ishikawa</u> augments the requirements of GR 15. <u>See</u> <u>In re Dependency of M.P.H.</u>, 184 Wn.2d 741, 765, 364 P.3d 94 (2015); <u>Indigo Real Estate Servs. v. Rousey</u>, 151 Wn. App. 941, 949-50, 215 P.3d 977 (2009). Whether article I, section 10 applies hinges on the two-prong "experience and logic test." <u>S.J.C.</u>, 183 Wn.2d at 412; <u>Doe AA v. King County</u>, 15 Wn. App. 2d 710, 719, 476 P.3d 1055 (2020), <u>review denied by</u> <u>Doe AA v. Zink</u>, 197 Wn.2d 1011, 487 P.3d 517 (2021). The "experience" prong examines " 'whether the place and process have historically been open to the press and general public.' " <u>S.J.C.</u>, 183 Wn.2d at

11

417[9] (quoting In re Det. of Morgan, 180 Wn.2d 312, 325, 330 P.3d 774 (2014)). And the "logic" prong considers " 'whether public access plays a significant positive role in the functioning of the particular process.' " S.J.C., 183 Wn.2d at 430[10] (quoting Morgan, 180 Wn.2d at 325).

The Does contend that application of the experience and logic test here shows that article I, section 10 does not apply to their motion to proceed under pseudonym. The Seattle Times cites Doe G, 190 Wn.2d at 198-201, for the broad proposition that Ishikawa "clearly" applies whenever a party seeks to proceed under pseudonym. We agree with the Does.

In Doe G, convicted sex offenders tried to enjoin release of their SSOSA[11] evaluations, which were the subject of a PRA request. Doe G, 190 Wn.2d at 189-90. A pro se petitioner appealed the trial court's order allowing the respondents to proceed under pseudonym, and we affirmed that order. Doe G, 190 Wn.2d at 190. Our Supreme Court reversed, holding that "names in pleadings are subject to article I, section 10 and redaction must meet the Ishikawa factors." Doe G., 190 Wn.2d at 201. But the court arrived at this conclusion only after applying the experience and logic test to determine whether the specific facts concerning release of convicted sex offender SSOSA evaluations implicated article I, section 10. Doe G., 190 Wn.2d at 199-200.

Under the experience prong, the court concluded that "parties who have not been convicted of any crime may have a legitimate privacy interest [to

_____

[9] Internal quotation marks omitted.

[10] Internal quotation marks omitted.

[11] Special sex-offender sentencing alternative.

proceed under pseudonym] because there is no public record associating them with the subject of their litigation." Doe G, 190 Wn.2d at 199-200. But "the names of people convicted of criminal offenses, including sex offenders, have historically been open to the public." Doe G, 190 Wn.2d at 199. The court determined that "[l]ogic also suggests that the John Does do not have a legitimate privacy interest to protect." Doe G., 190 Wn.2d at 200. Because a SSOSA is a sentencing alternative, the public plays a "significant role" in the process. Doe G, 190 Wn.2d at 200-01. As a result, the Supreme Court held that the convicted sex offenders' request to proceed under pseudonym was subject to article I, section 10, and any redactions of their names must satisfy the Ishikawa factors. Doe G, 190 Wn.2d at 201.

Here, the experience prong supports the Does' contention that article I, section 10 does not apply to their request to proceed under pseudonym. Unlike the convicted sex offenders in Doe G, the Does were never charged in connection with the alleged sexual assault. They are not "people convicted of criminal offenses" whose names have "historically been open to the public." Doe G, 190 Wn.2d at 199. And our Supreme Court has protected identities where allegations were uncharged because the public has no legitimate interest in the names of falsely accused people. See Does 1-11, 164 Wn.2d at 217. Moreover, the Does are juveniles. The legislature has always treated court records identifying juveniles as distinctive and deserving of more confidentiality than other types of records. S.J.C., 183 Wn.2d at 417. "Requiring an individualized

showing under the Ishikawa factors would thus be directly contrary to this court's entire history regarding juvenile courts." S.J.C., 183 Wn.2d at 423.

The logic prong also supports the Does' argument. As discussed, the public has an interest in the oversight of investigations. See Does 1-11, 164 Wn.2d at 219-20. But the public has no legitimate interest in the identities of juveniles facing uncharged accusations of sexual assault. See Does 1-11, 164 Wn.2d at 217. Redacting the Does' names serves to protect their identities without impeding the public's ability to oversee police investigation of the alleged sexual assault. Does 1-11, 164 Wn.2d at 2220. Applying both prongs of the experience and logic test shows that article I, section 10 is not implicated by the Does' motion to proceed under pseudonym, and satisfaction of the Ishikawa factors before granting their motion was unnecessary.

While Ishikawa does not apply to the Does' motion to proceed under pseudonym, the trial court must still enter written findings satisfying the less stringent standard of GR 15 to support its conclusion that the Does' privacy concerns outweigh the public's interest to access their identities. Yakima County v. Yakima Herald-Republic, 170 Wn.2d 775, 801-03, 246 P.3d 768 (2011) (Ishikawa analysis was unnecessary but trial court needed to follow requirements of GR 15). In support of their motion to proceed under pseudonym, the Does noted that they "have never been charged with any crime." They argued that revealing their identities would allow them to be "tarnished by connection to some unsubstantiated accusations involving sexual misconduct." According to the Does, the only public interest "is the prurient interest of community members,"

14

and "[s]uch 'gossip and sensation' is not a public interest." The trial court agreed, and entered written findings to support its conclusion that the Does identified a compelling privacy interest that outweighed the public's interest in knowing their identities. The trial court did not abuse its discretion in allowing them to proceed under pseudonym.

We affirm the order denying the Does' motion for injunctive relief and declaratory judgment and the order granting the Does' motion to proceed under pseudonym, and lift the temporary injunction.

WE CONCUR: